IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| AMERICAN LEGION JOHN RATLIFF POST 164, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:13CV00041 |
| v. | ) ) | **OPINION AND ORDER** |
| BB&T CORPORATION, | ) ) | By: James P. Jones United States District Judge |
| Defendant. | ) | |

*Carl E. McAfee and Joseph R. Carrico, Carl E. McAfee, P.C., Norton, Virginia, for Plaintiff; Kevin P. Oddo, LeClair Ryan, A Professional Corporation, Roanoke, Virginia, for Defendant.*

In this civil action, the plaintiff alleges that the defendant bank improperly disbursed the plaintiff's deposited funds to two persons who then embezzled the money from the plaintiff. The defendant has moved to dismiss claims for negligence and breach of fiduciary duties, arguing that these claims are barred by Virginia's source of the duty rule because the claims sound in contract rather than tort. The defendant has also moved to dismiss an undefined statutory claim, contending that it fails to specifically identify a basis for the claim, as well as a demand for punitive damages, asserting that punitive damages are not available for breach of contractual duties. For the reasons set forth below, I will grant the defendant's motion.

I

The plaintiff, American Legion John Ratliff Post 164 ("Post 164"), commenced this suit in the Circuit Court of Buchanan County, Virginia. The defendant, BB&T Corporation ("BB&T"), a banking corporation, timely removed the action to this court and filed a Motion to Dismiss seeking to dismiss certain of the counts of the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion has been fully briefed by the parties and is ripe for decision. Jurisdiction of this court exists pursuant to diversity of citizenship and amount in controversy. 28 U.S.C.A. § 1332 (West 2006).

The following facts are taken from the Complaint, which I must accept as true for the purpose of deciding the present motion.

Debra Kay Horn was president of the American Legion Ladies Auxiliary Unit 164, an organization related to the plaintiff organization. Her husband, Mack Earnest Horn, was a member of Post 164. It is alleged that the Horns embezzled a substantial amount of money belonging to Post 164. In particular, from July of 2011 through February of 2012, the Horns made several transactions that were not authorized by Post 164. These transactions included writing checks, making expenditures, making withdrawals, and closing accounts that belonged to Post 164.

In August of 2001, Post 164 "entered into a Certificate of Deposit (the 'CD') agreement, account #XXXXXX8871, with BB&T." (Compl. ¶ 10.) The CD

automatically renewed upon reaching its maturity date. In July of 2011, BB&T allowed Mack Horn to withdraw $15,447.15 from the CD. On November 17, 2011, BB&T allowed Debra Horn to withdraw $29,975 from the CD. On February 7, 2012, BB&T allowed Debra Horn to close the CD by withdrawing $49,975. On February 13, 2012, BB&T processed a deposit of $49,975 to a checking account that had been opened in Post 164's name. BB&T then processed a check in the amount of $35,000 from Post 164's checking account into an account controlled by the Horns.

Post 164 was unaware of these transactions, and the Horns converted the withdrawn funds for their own use. Post 164 alleges that BB&T also processed other checks signed by the Horns from Post 164's account at a time when the Horns did not have authorization to withdraw funds.

The Complaint asserts four separate claims — for breach of contract, negligence, breach of fiduciary duties, and a final claim, styled "Statutory Claim." (Compl. ¶¶ 28-31.) In its motion, BB&T argues that this action is, at its core, an action for breach of contract, and the only duties BB&T allegedly breached are duties arising from the contractual relationship between the parties. Therefore, BB&T contends that all of the claims other than the breach of contract claim should be dismissed pursuant to Virginia's source of the duty doctrine. BB&T also contends that Post 164's demand for punitive damages should be stricken because

the allegations in the Complaint do not provide a basis for an award of punitive damages.

II

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a cognizable claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the plaintiff must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the pleader. *Id*. at 678.

Under Virginia law, allegations of negligent performance of contractual duties generally are not actionable in tort. *See, e.g., Abi-Najm v. Concord Condo., LLC,* 699 S.E.2d 483, 488-89 (Va. 2010); *Dunn Constr. Co. v. Cloney*, 682 S.E.2d 943, 946-47 (Va. 2009); *Yuzefovsky v. St. John's Wood Apartments*, 540 S.E.2d 134, 142 (Va. 2001). In certain circumstances, a party can show both breach of

contract and a tortious breach of duty, but the duty tortuously breached must be a common law duty that arises separate from the contractual duty. *See Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 507 S.E.2d 344, 347 (Va. 1998) ("In determining whether a cause of action sounds in contract or tort, the source of the duty violated must be ascertained. . . . A tort action cannot be based solely on a negligent breach of contract.").

In this case, the source of the duty allegedly breached is the agreement entered into between Post 164 and BB&T when Post 164 purchased the CD. The plaintiff's negligence claim, which is based solely on BB&T's alleged negligent performance of its duties under that agreement, sounds in contract and must be dismissed. The plaintiff has cited no authority that supports its contention that BB&T owed a separate common law fiduciary duty to Post 164. If any fiduciary duty were owed, it would arise out of the contractual relationship between the parties. Thus, the plaintiff's claim for breach of fiduciary duties also must be dismissed.

The plaintiff's "Statutory Claim" refers to "Section 8.4A.101 *et seq* and Section 8.4-101 *et seq* [of the Code of Virginia]" and avers that BB&T's actions and omissions breached the duties set forth in those statutory provisions. (Compl. ¶¶ 29-30.) The plaintiff identifies no particular statutory language and no particular duty that it alleges BB&T has breached; rather, it simply references the

two lengthy titles of the Virginia Uniform Commercial Code covering bank deposits and collections and funds transfers. *See* Va. Code Ann. §§ 8.4-101 through 504; §§ 8.4A-101 through 507 (2001 & Supp. 2012). These vague allegations are insufficient to state a plausible claim. Therefore, I will dismiss the plaintiff's "Statutory Claim."

Finally, BB&T asks me to dismiss Post 164's claim for punitive damages. As a general rule, punitive damages are not available for breach of contract. *Dunn Constr.*, 682 S.E.2d at 946; *Wright v. Everett*, 90 S.E.2d 855, 860 (Va. 1956). Following dismissal of the negligence, breach of fiduciary duty, and statutory claims, the only remaining cause of action will be breach of contract. Because Post 164 has not alleged facts that would entitle it to recover punitive damages, I will grant BB&T's Motion to Dismiss with respect to the punitive damages demand.

III

For the reasons stated, it is **ORDERED** that the defendant's Motion to Dismiss (ECF No. 5) is GRANTED and the plaintiff's claims described in the Complaint as "Negligence," "Breach of Fiduciary Duties," and "Statutory Claim" are DISMISSED.

ENTER: June 14, 2013

/s/  James P. Jones
United States District Judge